UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAM INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>FRANCO MANUFACTURING CO. INC.,<br><br>Defendant. | Civil Action No. 2:10-02733<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant Franco Manufacturing Co. Inc.'s Motion to Dismiss Counts Four, Five, and Six of Plaintiff Kam International's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Oral argument was not held. Fed. R. Civ. P. 78. For the reasons stated below, Defendant's motion is **DENIED**.

**I.     BACKGROUND**

Plaintiff Kam International ("Kam") is a textile manufacturer located in Pakistan. (Plaintiff's Complaint, hereinafter "Cmplt.," ¶ 1). Defendant Franco Manufacturing Co. Inc. ("Franco") is a manufacturer and distributor of home textiles. (*Id.* at ¶ 2). Kam and Franco entered into a business relationship beginning in 2007. (*Id.* at ¶ 5). In April 2009, Franco ordered over $40,000.00 worth of textiles from Kam. (*Id.* at ¶ 8). Although

Franco inspected the goods pre- delivery and then received and accepted them, the company nevertheless declined to pay for the merchandise.  (*Id.* at ¶¶ 19, 29).  Rather, Franco claimed that the textiles were defective and sought chargebacks from Kam on multiple invoices.  (*Id.* at ¶ 10).  Initially, Kam agreed to several chargebacks, rather than lose Franco as a customer.  (*Id.* at ¶ 11).  But Kam grew increasingly suspicious when Franco claimed that numerous additional shipments were also defective, and Kam refused to issue further chargebacks.  (*Id.* at ¶¶ 29, 30).  In response, Franco stopped payment on its letter of credit, although it retained possession of the goods and did not return them to Kam.  (*Id.* at ¶¶ 31, 34).

In order to determine whether the shipped textiles were in fact defective, Kam coordinated with Franco and arranged for Kam representatives to travel from Pakistan to the Franco facility in the U.S. to inspect the goods.  (*Id.* at ¶¶ 36-38).  However, when Kam representatives arrived at the Franco facility on the agreed upon date, March 16, 2010, Kam learned that Franco had already sold 5,488 of the total 6,047 allegedly defective items, rendering them unavailable for inspection.  (*Id.* at ¶¶ 38-40).  Kam subsequently filed a complaint with the district court in May 2010, alleging various counts including (1) three breach of contract claims (Counts One – Three); (2) violation of N.J.U.C.C. § 2-515 (Count Four); (3) fraud (Count Five); and (4) conversion (Count Six).  Presently before the Court is Defendant's Motion to Dismiss Counts Four, Five, and Six for failure to state a claim for which relief can be granted.

## II.     ANALYSIS

### A. Standard of Review

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations, a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Although a complaint does not need to contain detailed factual allegations, the grounds of the plaintiff's entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level. *See id.* at 1964-65. Furthermore, although a court must view the allegations as true in a motion to dismiss, it is not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations. *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

### B.     Count Four—Violation of N.J.U.C.C. § 2-515

Defendant argues that Count Four of Plaintiff's Complaint, alleging violation of N.J.U.C.C. § 2-515, should be dismissed for failure to state a claim for which relief can be granted. (Defendant's Brief, hereinafter "Def. Br.," at 6). § 2-515 provides in pertinent part that either party to a disputed transaction "for the purposes of ascertaining the facts and preserving evidence has the right to inspect, test, and sample" the goods that are the subject of the dispute. N.J.U.C.C. § 2-515(a). The section also provides that the parties can agree to a third party inspection to "determine the conformity or condition" of the same goods. N.J.U.C.C. § 2-515(b).

Defendant argues that the only relief to which a party is entitled under N.J.U.C.C. § 2-515 is the right to inspect and that the code does not contain any provision entitling a party to damages as a result of the failure to permit inspection of goods. (Def. Br. at 6). Defendant further argues that because Kam representatives went to the Franco facility and conducted an inspection, Kam has already received the only relief to which it is entitled and Defendant has discharged all of its duties required by the statute. (*Id.*). Defendant does not concede having sold off much of the allegedly defective inventory, but acknowledges Kam's claim that this is the case. However, Defendant contends that this claim is immaterial because "UCC § 2-515 gives Kam the right to inspect the goods that Franco has in its possession, and nothing further." (Defendant's Reply Brief, hereinafter "Def. Rep.," at 3). Defendant does not provide any support for this contention.

Plaintiff acknowledges that the language of § 2-515 is silent as to the availability of remedies for violation of the provision. (Plaintiff's Opposition Brief, hereinafter Pl. Opp.," at 9). Nevertheless, Plaintiff identifies various other portions of the code that indicate the remedies provided by the statute are to be liberally administered, such that any right or obligation established therein is enforceable by court action. *See* N.J.S.A. 12A:1-106 (providing that "the remedies provided by [the N.J.U.C.C.] shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed" and that "any right or obligation declared by [the N.J.U.C.C.] is enforceable by action unless the provision declaring it specifies a different and limited effect"); N.J.S.A. 12A:2-703; N.J.S.A. 12A:2-709. Furthermore, the Court finds that giving § 2-515 the meaning ascribed to it by Defendant, namely that the provision grants a party the right to inspect only those good currently available, would render the provision virtually meaningless, as any party seeking to avoid inspection could simply destroy the disputed items with impunity. Moreover, the language in the provision referring to the "preservation of evidence" certainly seems to suggest that the right to inspect means the right to inspect all pertinent items, not merely the items a defendant has not yet destroyed. *See* N.J.U.C.C. § 2-515(a). The Court recognizes that Plaintiff has not conclusively established a right to damages based upon Defendant's alleged violation of the statute. But because Defendant has provided absolutely no authority in support of its position that there are no available remedies and that it did not need to preserve the goods for inspection purposes, the Court concludes that Defendant has not demonstrated that Plaintiff has failed to state a claim. Finally, to the extent

Defendant argues Plaintiff's claim is duplicative of its cause of action for breach of contract, the Court rejects this position and finds that the two claims are sufficiently distinct. For these reasons, Defendant's motion is denied with respect to Count Four.

      C.      **Count Five—Fraud**

Count Five of Plaintiff's Complaint alleges that Defendant fraudulently claimed that the textiles purchased from Plaintiff were defective in order to avoid having to pay for them. (Cmplt. ¶¶ 60-62). Plaintiff bases these allegations on the fact that Defendant's staff inspected the goods before they left Pakistan, all shipments at issue passed inspection, and Defendant's staff issued inspection certificates for each shipment. (*Id.* at ¶ 60). It was not until the goods reached the U.S. that Defendant claimed that they were defective. (*See id.*). Plaintiff further alleges that Defendant committed fraud by claiming the goods were defective but selling them to third parties anyway. (*Id.* at ¶ 62).

Defendant argues that this claim must be dismissed because Plaintiff has failed to provide the requisite amount of specificity in its allegation of fraud. (Def. Br. at 6-7). A party alleging fraud must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) is satisfied by pleading the "date, place or time, or through alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 785, 791 (3d Cir. 2006). A party alleging fraud must also allege "who made a misrepresentation to whom and the general content of the misrepresentation." *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004). The purpose of the heightened pleading

requirement for fraud is to put defendants on notice of the precise misconduct of which they are accused. *Seville*, 742 F.2d at 791. Defendant contends that Plaintiff's allegations, based in part upon information and belief, fail to identify who made the misrepresentation to whom, the general content of the misrepresentation, and when such representation was made, injecting insufficient precision into the Complaint. (Def. Br. at 7-8).

Defendant's argument lacks merit. At the outset, it is permissible for fraud claims to be made "upon information and belief," as long as the complaint contains specific facts upon which the belief is reasonably based. *See Sunset Financial Resources, Inc. v. Redevelopment Group V, LLC*, 417 F.Supp.2d 632, 646- 47 (D.N.J. 2006). While Plaintiff's allegation that Defendant fraudulently declared the goods to be defective was made upon information and belief, the count also states that the reason for this belief was that all of the shipments were inspected by Defendant's staff in Pakistan before delivery to the U.S., were found to pass inspection, and were issued inspection certificates by the staff. (Cmplt. ¶¶ 60-62). The pleading of these facts is enough to support the allegations made upon information and belief.

Moreover, Defendant's argument that the Complaint fails to provide sufficient details about the alleged fraud to substantiate the claims takes too narrow a view of the pleading requirements. Plaintiff's Complaint contains extensive allegations that identify by date specific emails sent from Defendant to Plaintiff stating that specific shipments of goods, identified by invoice number, contained defective merchandise. (Cmplt. ¶¶ 14-19). The statements that the textiles were defective plainly constitutes the alleged

misrepresentations. The date of the alleged misrepresentations are clearly noted. While the names of the specific parties sending and receiving the emails are not included, the Court finds that sufficient details about the emails have been included that Defendant could easily attempt to locate them and that there is sufficient specificity to alert Defendant of the precise misconduct with which it has been charged. Plaintiff's Count meets the heightened pleading requirements of Rule 9(b).

Defendant also argues that the economic loss doctrine mandates dismissal of Plaintiff's fraud claim. (Def. Br. at 8). The economic loss doctrine is a judicially created rule that prevents a party from being able to collect in negligence for pecuniary harm that is unaccompanied by personal injury or consequential damages to other property. *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 310 (2002). In general, courts decline to impose a duty to exercise reasonable care to avoid intangible economic loss to others that do not arise from tangible physical harm to persons and tangible things. *Id*. The rationale behind the doctrine is that tort law is designed to address unreasonable risks of harm and cover unexpected injuries. *Alloway v. Gen. Marine Indus., L.P.*, 149 N.J. 620, 632 (1997). When a product simply fails to meet the purchaser's economic expectations, contract principles are better suited. *Id*. Thus, Defendant alleges that Plaintiff cannot collect in negligence because there are contractual remedies available to it. (Def. Br. at 9).

However, as Plaintiff argues, the economic loss doctrine is typically limited to products liability cases brought by the purchaser of a defective productive seeking tort damages for the loss of the defective product that it purchased. *See, e.g., East River*

*Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 871 (1986). This type of claim is barred because the courts have decided there is no reason to impose a duty upon manufacturers under principles of negligence or strict liability to prevent a product from injuring itself. *Id.* This rationale does not apply to the present circumstances in which Kam, the seller, is suing Franco, the purchaser, for breach of contract and fraud that arise out of Franco's claims that the products are defective. Furthermore, courts in this district have concluded that the existence of a breach of contract claim does not preclude a plaintiff from bringing a fraud claim arising out of the same facts. *See Lo Bosco v. Kure Engineering Ltd.*, 891 F.Supp. 1020 (D.N.J. 1995) (party permitted to sue purported joint venture partner for both fraud and breach of contract). The Court finds that the economic loss doctrine does not bar Plaintiff's fraud claim and denies Defendant's motion with respect to Count Five.

      D.    **Count Six—Conversion**

Defendant argues that Count Six must be dismissed because a "mere contractual obligation" cannot support a claim for conversion, and because the count is barred by the economic loss doctrine. (Def. Br. at 9). Both positions are unavailing.

A conversion claim in New Jersey is defined as "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Barco Auto Leasing Corp. v. Holt*, 228 N.J.Super. 77, 83 (App. Div. 1988). Defendant's argument in support of dismissal of this claim is that "an action for conversion will not lie in the

context of a mere debt." *Scholes Elec. & Comm., Inc. v. Fraser*, 2006 WL 1644920 (D.N.J. June 14, 2006). However, in *Scholes*, the allegedly converted property was money. Because a monetary loss can be repaid in whole by other money, it was deemed a mere debt. Therefore, the court ruled that only where there was a requirement that the "identical money" be repaid, could an action for conversion lie. *Id.*

Here, the allegedly converted property was not money but rather textiles. Therefore, Plaintiff's claim for conversion does not allege a mere debt, but rather the unauthorized assumption of specific property that is not interchangeable with other similar property (unlike money, which typically is interchangeable with other money). While Plaintiff has also alleged a breach of contract claim seeking monetary damages, Plaintiff is allowed to plead in the alternative and any inconsistencies between the two theories do not render either one invalid. Fed. R. Civ. P. 8(e)(2); *FraBerger v. Montague, P.C. v. Scott & Scott, LLC*, 153 F.Supp.2d 750, 754 (E.D.Pa. 2001).

The economic loss doctrine also fails to bar Plaintiff's conversion claim. As described in more depth above, the economic loss doctrine prohibits tort damages for losses limited to the purchase of a defective product when contractual remedies are available and is inapplicable here. *See Saltiel,* 170 N.J. at 310. For these reasons, Defendant has failed to demonstrate that Plaintiff's conversion count does not state a claim for which relief can be granted. Defendant's Motion to Dismiss is denied as to Count Six.

### III.   CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **DENIED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**
